UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| LUCAS NATHAN HALE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-182 |
| | ) | |
| CLARENCE RANDOLPH and | ) | Judge Mattice |
| JOHN BRADFORD, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM

Before the Court is plaintiff Lucas Hale's motion for judgment as a matter of law or, in the alternative, a new trial pursuant to Federal Rules of Civil Procedure 50(b)[1] and 59 [Court Doc. No. 23]. Plaintiff asserted claims of false arrest and excessive force under 42 U.S.C. § 1983 and false arrest and assault and battery under Tennessee state law. The jury returned a verdict in favor of defendants Clarence Randolph and John Bradford on all claims. Plaintiff contends that he is entitled to judgment as a matter of law on his claims or, in the alternative, a new trial because plaintiff proved all necessary elements of his claims, the jury's verdict was contrary to the weight of the evidence presented at trial, and the Court erred in failing to give a "missing witness" charge as to defendant Bradford.

## I.    Judgment as a Matter of Law – Rule 50

The Court may grant a Rule 50(b) motion for judgment as a matter of law "only if in viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in favor of the moving party." *Gray v. Toshiba Am. Consumer Prods., Inc.*, 263 F.3d 595, 598 (6th Cir. 2001). In making this determination, "[t]he evidence should not be weighed, and the credibility of witnesses

---

[1]    Plaintiff does not state in his motion that his request for judgment as a matter of law is pursuant to Rule 50, but the Court assumes as much, since Rule 50 governs judgment as a matter of law and Rule 59, the only rule cited by plaintiff, governs only new trials.

should not be questioned. The judgment of [the] court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 531 (6th Cir. 2005). The jury's verdict should be affirmed "unless [the Court is] 'left with the definite and firm conviction that a mistake resulting in plain injustice has been committed, or unless the verdict is contrary to all reason.'" *Preferred Props., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 799 (6th Cir. 2002) (quoting *EEOC v. Harbert-Yeargin, Inc.*, 266 F.3d 498, 504 (6th Cir. 2001)).

Viewing the evidence in the light most favorable to the defendants, the Court is unable to conclude that there is no genuine issue of material fact for the jury to decide or that reasonable minds could come to only one conclusion in favor of plaintiff. First, there exist in this case genuine issues of material fact to be decided by a jury. The evidence adduced at trial contained conflicting accounts of the events that led up to Randolph's kick and his subsequent arrest of Hale and of whether Bradford was present at the scene of the incident. As a result, the nature of the evidence in this case requires credibility judgments and determinations of material facts that only the jury is permitted to make. The jury made those judgments and determinations and reached a verdict consistent with the evidence produced. Second, the evidence in this case does not lead to the sole conclusion that plaintiff should prevail. On the contrary, there was certainly sufficient evidence presented at trial from which the jury could conclude that defendants were not liable. The jury's verdict in favor of defendants is reasonable in light of the evidence presented.

The Court concludes that judgment as a matter of law in favor of plaintiff would be improper. Accordingly, plaintiff's motion for judgment as a matter of law will be **DENIED**.

## II.     New Trial – Rule 59

For the same reasons advanced for judgment as a matter of law, in the alternative plaintiff argues that the Court should grant a new trial pursuant to Rule 59.

Under Rule 59, three circumstances warrant a new trial: (1) the verdict is against the weight of the evidence; (2) the damages award is excessive; or (3) the trial was influenced by prejudice or bias, or was otherwise unfair to the moving party. *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000). When a party requests a new trial and argues that the verdict contravenes the weight of the evidence, as plaintiff does in this instance, the Court must compare and weigh the opposing proof, but cannot set aside the jury's verdict unless it concludes that the verdict is against the clear weight of the evidence. *Tisdale*, 415 F.3d at 528-29; *Conte*, 215 F.3d at 637. Regardless of whether the Court would have reached a different conclusion as factfinder, the Court must deny the motion for new trial if the jury returned a reasonable verdict in light of the evidence submitted. *Tisdale*, 415 F.3d at 528-29; *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000).

Considering the evidence submitted by both parties, the Court concludes that the jury's verdict in favor of the defendants on all claims did not contravene the clear weight of the evidence. A reasonable jury could have reached a verdict in the defendants' favor on all claims. Accordingly, the Court respectfully refuses to set aside the jury's verdict.

As to plaintiff's contention that the Court erred by failing to give the "missing witness" charge with regard to Bradford, who was not present at trial, the Court concludes that the requested charge was not appropriate and the Court's refusal to give the charge does not constitute a valid reason to order a new trial. A "missing witness" charge may be appropriate when it is shown that the potential witness is unavailable and the potential testimony is relevant and noncumulative, *Jones v. Otis Elevator Co.*, 861 F.2d 655, 659 (11th Cir. 1988), or when it is shown that the witness has knowledge of material facts, a relationship exists between the witness and a party that would

-3-

naturally incline the witness to favor that party, and the missing witness is available to the process of the Court, *State v. Bough*, 152 S.W.3d 453, 463 (Tenn. 2004). The burden is on the proponent of the charge to establish the required foundation for the charge. *Jones*, 861 F.2d at 659; *Bough*, 152 S.W.3d at 463.

The Court ruled at the time of plaintiff's request to include the charge, and now affirms, that plaintiff did not meet his threshold burden of proving the foundational requirements for the charge. Specifically, plaintiff did not prove that the witness at issue, John Bradford, had knowledge of any material facts in the case or that his testimony would have been relevant and noncumulative. The overwhelming weight of the evidence showed that Bradford was not present at the scene of the incident and, therefore, would not have had any knowledge of the events that occurred. Further, plaintiff failed to prove that Bradford would have testified to anything other than that he was not present at the scene of the incident, which would have been cumulative testimony in light of the other witnesses who had already testified that Bradford was not present.

Accordingly, plaintiff's motion for a new trial will be **DENIED**.

### III. Rule 11 Sanctions

In their response to plaintiff's motion for judgment as a matter of law or for new trial, defendants request the Court to impose Rule 11 sanctions against the plaintiff and/or plaintiff's counsel. The Court will not consider the defendants' request because it does not comply with the requirements under Rule 11 for the initiation of sanctions Fed. R. Civ. P. 11(c)(1)(A).

A separate order will enter.

<div align="center" style="margin-left:auto;">

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

</div>